0303 people of the state of Illinois plaintiff's affidavit, v. v. v. Shelton, defendant's press. Arguing on behalf of the defendant's defense attorney, Mr. Paul A. Rodgers. I hereby call to the platform the plaintiff's affidavit and his merits at that point. Mr. Rodgers, you may proceed. Thank you, Your Honor. Good morning. May it please the Court. My name is Paul Rodgers. Good morning, Counsel Olson. Before I begin the argument, I'd like first to inform the Court of a relevant fact. It's something I omitted from the brief, and actually it's not apparent from the record, but it is something that comes from the source that this Court had judicially noticed. And I am referring to the DOC website page for Mr. Shelton, which shows that he in fact, his MSR term is in fact three years to life and has been since January up until this morning. I've given a copy of that, a printout of that page to counsel to let her know that I was going to do this, make this request this morning to the Court to ask for judicial notice, and I believe she has no objection to that. Very well. Thank you. And that, of course, bears on the question at issue, which is one of the questions at issue, which shows that the defendant is being required to serve a longer MSR term than he was told when he pled guilty. But I want to turn now to explain why Mr. Shelton is entitled to a remand for additional proceedings on his collateral challenge to his guilty plea. The short explanation is that he's entitled to that relief because appointed counsel let him down. Appointed counsel did not provide him with the representation he deserved. Less than two weeks after the defendant filed his pro se post-conviction petition. Counsel, excuse me. Could you keep your voice up? I'm sorry. Take the microphone and point it up, too, please. Okay. But with the train in the background and the high ceilings and a low voice that you have. I'm sorry. A low voice tone. I'm sorry. It makes it hard to hear you. I'm sorry. Thank you. I appreciate it. I'll be honest. She can hear, but I'm old, so. I will do my best to speak up. Is that better? Keep your voice up, too. Yes. Thank you. Less than two weeks after Mr. Shelton filed his pro se petition, Judge Bowles appointed counsel under the Post-Conviction Hearing Act. Which means that Judge Bowles found that his pro se claim raised at least the gist of a constitutional error. Is there actually an order indicating that she passed it on to secondary? Do we just know that by way of the appointment of counsel? There are more than a report of proceedings for that date. There was just an order appointing counsel. But it's within the 90 days, so it's not a default appointment of counsel. Right. I couldn't find it, so I was just wondering. No, you're correct. So it's an inference, really, that that was the reason why counsel was appointed. And so that means this is the gist of a viable constitutional claim. And that's important because that's cognizable in a post-conviction proceeding. But instead of filing an amended petition to develop that pro se claim and add any other claims that are supported by the record, any other constitutional claims that would be supported by the record or that would come out in consultation with Mr. Shelton, appointed counsel chose to file a petition for relief from judgment under 214-01. It included the pro se claim in a somewhat modified form. It added some other claims. In particular, it added a claim that the guilty plea was involuntary because the admonitions at the guilty plea hearing about the MSR term were inaccurate. It understated the MSR term by saying it would be three years, period, rather than three years to life. The 214-01 petition was not the proper media goal for counsel to raise any of the claims that they raised. There were two different counsel involved here. All of the claims were constitutional or could have been constitutionalized. They were viable in a post-conviction claim, in a post-conviction petition, but not in a 214-01. Well, wasn't it the law at one time that a 214-01 could be used because an involuntary plea was void? And then the Supreme Court decided that it isn't void anymore because subject matter jurisdiction lies in the trial court, and as long as there's subject matter jurisdiction and personal jurisdiction, it's merely voidable. So since the Supreme Court decision, what the trial counsel did was essentially ineffective because it failed to take into account the case law that said that what she was doing was wrong. That's true, although I think that Illinois Supreme Court law actually, if you're referring to Cassavary, that Cassavary rule actually refers back to earlier Supreme Court precedent, which says essentially that the Supreme Court and the ruling courts in general had gone off the track by broadening the scope of what counted as void and that all along it had been just whether there was jurisdiction or not. So even under the existing law at the time... Well, did it say that the Supreme Court went off track or that the appellate courts went off track? Well, I would have to go back and re-read Cassavary to make sure about that. But more, I think, the lower courts. But frankly, given ARNA, I think you'd have to include the Supreme Court in that as well. Even Vincent said that if it was void under 1401, it was capable of being reviewed, both in the trial court and in the appellate court. So the Supreme Court has repeatedly said and then in Cassavary flipped it. And I think all my colleagues followed whatever it was that the Supreme Court was saying at the time. So we're aware that the trial court was correct to rule the way it did. The only question is, was the trial counsel ineffective because she had two opportunities to retain the post-conviction petition, argue a justifiable and due-diligent reason for the post-conviction petition being considered. She didn't do it that way. She went into a 1401 and she claimed voidness and she was wrong. So where do we go from there? Well, where you go from there, I think, is to treat this as a post-conviction petition. That's how it started. That's how Judge Bowles treated it. Wasn't there a comment by a judge, we've got to solve this problem? Yes. That was Judge Abrahamson, and that was after dismissing the first 1401 petition, said we do need to fix the problem, and apparently it has been fixed. I'm not quite sure how that happened, but it did get fixed, referring to the MSR term. But even after the first 1401 petition had been dismissed because it was untimely, then the second appointed counsel filed another 1401 petition, which was identical to the first one, which had been dismissed as untimely. And the only thing that the second petition really did is it tried to bypass the two-year statute of limitations under 1401 by alleging that the defendant, the tardy notification to the defendant of the MSR term being longer was fraudulent concealment. How do you resolve a situation where someone has been admonished about life jeopardy for MSR? Pardon me? Life jeopardy for MSR? The problem? I'm not sure what problem you're referring to. Well, if you plead guilty and you're not properly admonished that the MSR is going to be for life, and you decide that you don't like that, then what's the relief that's available for that defendant? I think, and I think I addressed this in the brief, you can't do what they did in Whitefield. You can't subtract the MSR term from the sentence because you can't subtract life from a fixed number. So the only remedy that would be available is to let the defendant withdraw his plea. I think that follows from Whitefield. I know Whitefield was a benefit of the bargain case, but I think the reason it wasn't a benefit of the bargain case. It was a question about rescission of the contract because there was never a meeting of the minds, and rather than rescind it, i.e. vacate it, put the parties back to square one, they decided that they were going to give them the benefit of the bargain and then shaved off the MSR from the sentence. So they did discuss rescission or essentially that this was a bargain based upon contract law. Right, but Whitefield also discussed the other half of the due process violation that occurs, the other way a due process violation occurs when there's a bad admonishment about the sentence, and that is that it simply makes the plea involuntary and that one remedy can be to withdraw the plea. And Whitefield flatly says that. Well, it's not necessarily a bad admonishment if the person had actual notice from some other source, correct? Yes, but there's nothing in the record here to indicate that, and in fact one thing I pointed out in the brief is that guilty plea counsel for Mr. Shelton stood by and did not correct the improper admonishment. Nobody did. So there's nothing on the record to know that Mr. Shelton, up until August 2014, a month before he filed his post-conviction petition, knew that the MSR term was going to be for life. Wasn't there some argument also that the plea of guilty was to the wrong count or something to that effect because the facts that was made the basis of the plea agreement wasn't contained in the count in question? There was some confusion about that, and initially Judge Mueller, who did the plea, read the wrong count. That got corrected during the guilty plea hearing. The plea was to count three, which was aggravated criminal sexual assault, penis-to-vagina penetration by force with bodily harm. That count, at first Judge Mueller read the wrong count. He later read the correct count because I think defense counsel brought it to his attention that he read the wrong count. And more importantly, the factual basis that was provided would support that count three because it was an allegation that there would be evidence that there was non-consensual sex. Did the State ever concede that the admonishment was improper? Yes. During the collateral proceedings. More than once, I believe. That was never in dispute. Pardon? That was never in dispute that the MSR admonishments were improper. And so I think the only remedy that's appropriate here is to remand for further post-conviction proceedings so that this claim can be litigated in the trial court and that remand should be under the Post-Conviction Act rather than under 214.01 because my argument is that there was no reason to turn this from a post-conviction petition into a 214.01. There's no reason to treat this as a 214.01 petition. Mr. Rogers, that's a question I did have. Couldn't you bring in a 214.01, and we won't talk about timeliness of it at this point. Let's just talk about a 214.01. Couldn't you bring an equal protection violation, a constitutional violation, because there is only a single class or it appears that there is a limited class of people who would be subject to three years to life MSR, and it seems to deal with sex offenses, serious sex offenses. I don't know that that would be appropriate for 214.01. My understanding of 214.01 is that's for correcting the judgment based on things that were not before the court, weren't known to the court. Well, this apparently wasn't known to the court at the time. Well, that's true, but the way you articulated it as an equal protection claim, that's a constitutional claim, and that's definitely cognizable in a post-conviction petition. So I don't know if I were post-conviction counsel here, I don't know why I would change it to a 1401 when I could raise that very same claim in a post-conviction petition. I wouldn't go looking for trouble by changing the vehicle that my client had chosen. Unless I had a good reason for doing that, and there was no good reason for doing that. And this, again, tying down, we'll go back to the time limits issue. This PCP, that's how I can tell them apart by using initials. That helps, yes. This PCP was brought what would be considered later as well, although maybe not outside of the time limits, but much later than we would normally see one, correct? Yes. In fact, it was after the three-year limitations period, but I pointed out, to avoid that limitations period for a PCP, the defendant is tasked to show that his delay in filing was not due to his culpable negligence. That's different from having to show fraudulent concealment. That's easier to show. And here, as I pointed out, counsel had a very good argument for showing lack of culpable negligence. Essentially, hey, this guy just found out a month ago. So up until between 2009, December 2009 and August of 2014, there's nothing in the record to show that he was aware that he could have raised this claim or that he could have challenged that he had a motive for challenging this conviction because of the extended MSR term. Now that there is a correction, it appears, how will it help to go back to withdraw the plea if we might get to the same place as we are today? Well, if he withdraws the plea, I don't think it's a foregone conclusion that he would, A, if he pled guilty, plead guilty to the same charge rather than to something lesser, or, B, that he wouldn't decide to go to trial since there's some suggestion here that he might have at least felt he had a viable consent defense, and then he'd be acquitted on all counts. So, and that's his choice whether to do that, and I don't think that would have been an irrational choice. That's obviously something that also can be litigated below on remand. But for the reasons I've given, I ask for remand for further proceedings under post-conviction back. I just want to point out that one last thing, that the state has made the suggestion that treat this as a 214.01, affirm the dismissal, and they would still leave Mr. Shelton free to pursue a post-conviction claim, file a post-conviction petition. What I want to say about that is if this court is inclined to follow that suggestion, I think the remand has to be, or the order has to specify that any petition post-PCP that Mr. Shelton files would be treated as his first PCP, and that it will advance to the second stage because the one that he already filed did advance to the second stage. And so that would put him in the status quo ante, and that's where he belongs. Is there any more questions? Well, the only problem with that is I think you've just given an infamy which presumes that the petition he filed that was given full consideration and granted should at least be filed the second time because he could file a garbage petition the second time, and it might not be entitled to a second stage. Well, you're right. I guess there's a suppressed premise there that I'm assuming that he could file the same petition. I'm assuming he would file one. I don't think I'm going to cross that. When you say that it should be allowed to go to the second stage because the first time he filed a petition was qualified and justified, and you don't say, and any subsequent petition that contains the same or substantially the same allegations should also go to the second stage, you're failing to put in a premise. Right. I can see that. And so I guess maybe I would tweak my suggestion and say if this Court wants to specify that any petition that contains the same allegations would have to go to the second stage. You'll have an opportunity to make the vote. Thank you. Ms. Burns. Good morning, Your Honors. May it please the Court, my name is Mary Beth Burns, and I represent the people of the State of Illinois. We come before you, Your Honors, this morning to respectfully ask this Court to affirm this Court's judgment dismissing the collateral action. At the outset, perhaps I'd like to put in some framework that I should maybe put in the brief, but it's something everybody here knows. There's no constitutional right to collateral review, and we know that from Pennsylvania v. Finley. Therefore, if a State's General Assembly decides to create an avenue of review, it has a right to set procedural bars, essentially proceedings which one has to attain in order to seek review. In Illinois, the General Assembly, in setting up the Post-Conviction Hearing Act and the provision of the Civil Practice Act that allows for seeking relief from judgment, set various procedures in place. There are procedural steps to be taken, including statute of limitations. There is no dispute here that whichever way this case is looked at, the original petition is outside the statute of limitations for each proceeding. And so there has to be a way to get past the statute of limitations before anybody can get to the merits. Because counsel is reasonable below in admitting that the judgment was not void. I thought the law was that timeliness was not an issue at the first stage. It's not at first stage, Your Honor. This was a fully litigated 214.01 petition. Oh, so if it's not an issue at the first stage, but in the second stage it is an issue. Yes, Your Honor. And the two appointed counsel do a reasonable job. You would think that they might come up with the premise or the argument that the defendant was not culpably negligent, because he wasn't admonished during arraignment or plea negotiations or at the time the plea was taken. He was apparently not admonished until sometime when he was in the Department of Corrections. And according to his allegations, he did it within a month's period of time or so. But be that as it may, your argument about the statute of limitations hasn't been complied with, is based upon the conclusion that is based upon the petitions filed, which are based upon law that is no longer in effect. I'm sorry. I'm sorry, Mr. Beat. As far as law that's no longer in effect, they were bound by the petition that he filed. The petition that he filed did not raise the MSR claim. The petition that he filed raised a claim based on a fact, which when they wrote the 214.01 petition, they acknowledged the statement of fact but viewed it as his subjective belief of what had occurred. Going back to the original plea of guilty, he was represented by the public defender, who initially seriously litigated his fitness to plead or to be tried. Having made that determination, they then went forward. The defendant claims in his original pro se proceeding for petition that this is based on a police report. I find it inconceivable that the original public defender who represented him and two public defenders who represented him subsequently in collateral review, had they in fact found that, would not have pursued it. So I have to assume when they say it was his subjective belief of the facts, that in fact there was nothing in the file that supported it. Further, he does not say, I'm not guilty because she consented. At no point did he say that. He said he came across a police report, which counsel does not support. But I believe the counsel, in being appointed for collateral review, initially considered themselves bound by his original pleading. And because that was a factual matter, they switched it from the constitutional post-conviction to section 214.01, which is directed at facts that were not known to the trial court at the point the judgment was entered. However, they sought information from the Department of Corrections, and at that point they determined that in fact his MSR was incorrect and that he had been incorrect as opposed to his admonishment, which was three years. And that's what they were attempting to litigate. But because that claim did not render the judgment void, it did not get them past the statute of limitations. And our position here is that nothing that's presented, whether viewed as a 214.01 or whether viewed as a You just said that it doesn't relate to the statute of limitations because it's not void. Are you telling us that culpable negligence insofar as a post-conviction petition doesn't apply in this case? I think it's difficult to say whether it does or does not apply because it was never litigated below. However, to the extent that he claims, you have to understand, his claim is that he heard that Do you agree with what Mr. Rogers says that the State admitted or conceded that he was not properly admonished? That's correct. Then why would it need to be litigated below? This is not a direct appeal, Your Honor. I'm sorry? This is not a direct appeal. This is an appeal for the denial of collateral relief. Again, collateral relief, in order to be accessed, has to have certain procedures followed. I apologize. They were not followed here. Okay. That seems obvious. The question is, were they not followed because of some ineffectiveness of trial counsel? Were they not followed because of some galactic catastrophe in the space-time continuum? I mean, what supposedly was the reason for why this wasn't litigated, or I shouldn't say litigated, resolved, when it seemed apparent that there was a mistake made during the plea proceedings? There was. There was indeed a mistake. I cannot stand here and deny that. There was a mistake made during the plea proceedings. But again, a mistake did not Could I try and coalesce this into, there was a mistake. Yes. But the statute of limitations in some way applies, and the two counsel failed to resolve the problem of the statute of limitations through proper procedural pleadings, arguments, et cetera. I'm not entirely sure what would have solved the problem. I am less convinced than the defense that this is something that is, in fact, solvable. Could the state have looked at what happened, even on a collateral review, and say, we'll waive it and let's go back? I think, no, but see, to me that's the interesting question, because I do not know that anybody, I don't know that any representative of the parties has the authority to say, the equitable solution here would be simply impose a three-year term of MSR. No. What I'm saying is a mistake has been made. It was made at the plea. We have two pleadings, the PCP and the 214-01. The PCP may be salvageable if we can show culpable negligence in bringing it so late. It's going to be hard on the 214-01 because we don't have any void sentences anymore. Why can't the state say, this procedure was wrong, let's start over? I guess my question becomes then, what is with let's start over? If let's start over is a withdrawal of a guilty plea, then the defendant is facing trial on eight counts for an aggravated criminal sexual assault. If he doesn't want to do it, he doesn't have to do it. It could have been offered. He couldn't have did it. Again, I honestly don't know because, again, nobody, that's not relief that anyone thought. And though everyone agrees that there was a mistake made, I'm not, I don't want to stand here and say you can't get there from here. But as a representative of the party, I can't get there from here. When you say from here, do you mean from Elgin or from the trial court? Probably from the trial court. This court has authority which I don't have, and this court has authority which I don't have the authority to seek. Again, based on the two statutes that are involved, the Post-Conviction Hearing Act and the civil codes provision for seeking relief from judgment, I can stand here legitimately on those statutes and say this court's primarily option to affirm because the trial court's judgment was correct. If this court chooses to take a different route, depending on the nature of the route, we might object and go to the Supreme Court, or we might simply say that's within this court's legitimate authority. I do not have the authority to ask this court to go beyond the statutes under which this proceeding commenced, despite the fact that I have to stand here and say the record shows a mistake was made at the point of this plea. However, as we all know from many years of 604D litigation, that's the reason that there are admonishments, and that's the reason that things can go to a direct appeal. At every stage here, this defendant was represented by counsel, and nobody caught the mistake until four years later. The state's conceded that there was a mistake made. The question is... At every stage of proceedings, yes. Does the state concede that the defendant was diligent in bringing it to the attention of the trial court? It's very hard to say yes to that because he did a post-conviction petition which does not raise the issue. His petition doesn't raise the issue. It wasn't until he had appointed counsel who went through Department of Corrections files and determined that the admonishment had been incorrect. And so this would be a different case if it was a direct appeal, and this might be a different case if he actually raised it. Well, it might also be a different case if he filed an affidavit saying that he just found out. Did he file an affidavit to that effect? He did. You know, the strange thing about this case generally is this is my third case in probably the last month where I first heard about three years to life on MSR, and they're all just sort of pouring in. When was this statutory authority enacted? Actually, counsel and I were discussing this before, before you guys came in, and we couldn't remember, but I think it was probably close in time to the original proceedings in this case. So about 2009? Yeah, and I think it was. . . I'm guessing that that's why nobody caught it at the time because I don't think it has been around for a great deal of time. Well, no, I have two cases subsequent to 2009 that are the same problem. You know, in one case it got corrected before it went outside of the trial court, but in the other case it was dangling out there, and it just seems like it's a very strange thing that was added that nobody has caught at the trial courts or otherwise. My understanding, I've done a couple cases on this in different contexts, and apparently my understanding is that the General Assembly did it because of the high recidivism rate of people who are committed to sexual assault until they believe that there's a need to continue long-term monitoring. I will say that the other cases that I've had that came up in different contexts had to do more with the difficulty in getting appropriate housing upon relief, which is a different aspect of this. But to the extent that Your Honor had mentioned a concern about equal protection, I think legitimately the legislature's concern in maintaining monitoring because of the high recidivism rate is reasonably related to the notion of a possible lifetime with MSR also in operation. The Prisoner Review Board is entirely amenable to taking petitions, and depending on the nature of a person's situation pre-relief or post-relief, actually making it a mandatory term. We've heard of some that are like five years or something. And so as far as the actual nature of the MSR, administrative remedies can be sought. But here, again, there has been never any attempt to evade the fact that a mistake was made. This is also my second case in a week, because we're here more often than we used to be, where the state has had to stand in a position and say, my hands are tied. I can't do anything about this because I don't, in the other case, I don't have what I need in the record to say what you want me to say. This is also becoming a bit troubling. Based on the record, I have no choice but to admit that there was a mistake. However, I also have to admit that the legislature has a right to impose punishments, and if the legal punishment was not challenged in direct appeal nor in a timely collateral action, I can't stand here and say, okay. And I apologize if that's not the answer this Court would like to hear. I do not come here intending to annoy, and I do apologize. Thank you, Your Honors. Thank you. Thank you. You're not annoying us. Just the situation. Maybe frustrating us a little bit, but not annoying us. Thank you. Mr. Rogers. I will try not to add to anybody's frustration. Keep your voice up. I'm sorry. I sound a little hoarse today. You sound a little bit rougher. Deeper. Your voice is deeper. It's something with my throat, and I apologize for that. This is an aside. Normally people complain I speak too loud, so this is a change. It is frustrating in the same way that we're still doing 604D issues is frustrating. But I want to focus on three things that counsel said. First, that it was prudent to shift to a 1401 because counsel was bound by the allegations in the pro se petition and that those were factual. I addressed this in the reply, so I'll just summarize what I said there. That's a factual claim that there was a police report that purported to show that the defendant or the alleged victim made a statement that it was consensual. But that's really a factual basis for a constitutional claim. And actually, I'll give you a couple of different constitutional claims. If this is a police report that hadn't been disclosed to defense counsel, then that's a Brady violation. If it was a police report that had been disclosed to defense counsel and defense counsel either didn't share it with the defendant or didn't tell him, oh, this looks like you may have a consent defense, what do you want to do? That would be an effective dismissal of counsel. So I think that argument's a red herring. What if it's a document that's real, that it was shared in discovery and was missed by defense counsel? Is that an ineffective? It could be. I think you would need to develop the record on that. You need to have an evidence you're hearing. I would note that post-conviction counsel chose to include the pro se claim in the amended filings. If there was no factual basis for the claim, it should have been withdrawn. That would have been the ethical thing for appointed counsel to do, not to still leave it there. The other point that the State mentioned that I want to address, one of the other points, is that she admitted that there was a mistake at the guilty plea hearing. The question arose, well, what do we do about it? I believe she answered, well, the ultimate destination would be vacating the guilty plea. And that would be up. That would be Mr. Shelton's choice whether to do that or not. The fact that nobody sought that doesn't mean that's where this wasn't headed. That relief is what would have been sought had there been an interventionary hearing if there had been a properly amended post-conviction petition. That would have been the relief to have asked for. Well, I mean, that is an interesting question. If it went to 214.01 and for some reason the judge found it was void, wouldn't that just be a, would it have to go back under 214.01 to the trial court or could the trial judge just say it's over? If the trial court had found that conviction was void. If the trial court granted the 214.01 on a voidness basis. Well, that would void the conviction and the state would have to reinstitute the proceedings. Start over with this case or could it, did it just, is there an argument that could be made that it was, it would go away, period? That there would be a double jeopardy problem? I'm just asking. Yeah, well, no, I'm trying to clarify what your question is. And I have to think about that. I don't, I think it's possible that it might bar prosecution altogether, but I really wouldn't want to go that far out on a limb to say that. Well, you're kind of advising your client now. You're just giving some advice. Right. I think that's something I would look into, but I don't know that that's necessary. Do you remember Bickel v. White? The case where the Supreme Court determined that a mandatory penalty based upon the use of a gun that wasn't included in the sentence had to be included in the sentence because that's what the factual basis was. Right. And it said that the sentence was void and it was to all parties. Now, I don't know whether Cassidary overrules or narrows or limits White, but insofar as this particular plea was, isn't this plea similar to White to the extent that the basis for the plea should have required, instead of a penalty based upon a firearm, a penalty based upon an extended MSR, and therefore it was void under White? No, I don't think so. I think there's a difference there. In White, you're talking about the factual basis show that the defendant was guilty of a charge other than what he pled to, and that, therefore, that triggered the mandatory consecutive firearm enhancement. In this case, there's nothing wrong with the factual basis. The problem is the admonition about the length of the sentence, and that doesn't necessarily make the conviction void. I think as counsel conceded below, I mean, it's avoidable, even pre-Cassidary. You said he pled to a charge that what? Are you talking about White? Yes. Yes. As I understand White, he pled guilty, I think, of an armed robbery, and it was an armed robbery with a firearm, and they pled it to armed robbery with a dangerous weapon. But during the factual basis, the state's attorney slipped up and said the, I guess the non-magic words. So you're saying it was a mischarge with a concomitant miss sentence. Right. I think that's a fair way of putting it. Essentially, the factual basis didn't support what he pled guilty to. The only way to fix it really was to vacate the plea and to go back to square one. And that's essentially what we're asking for here. But I don't think it makes the conviction void in this case. It just means that it's a guilty plea that is involuntary and can't be enforced. In White, I guess that's more a guilty plea that couldn't be enforced. But I wouldn't put this case in that category. Okay. Any further questions? Thank you. Thank you. We'll take the case under advisement.